**Zhiming HE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided Dec. 23, 2005.

Land Wayland, Industry, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Genevieve Holm, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BROWNING, FISHER and BYBEE, Circuit Judges.

## MEMORANDUM *

Zhiming He petitions for review of the Board of Immigration Appeals' denial of his motion to reopen his asylum claim. We review the BIA's denial of a motion to reopen for abuse of discretion. See Socop–Gonzalez v. INS, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc).

█ We hold that the BIA abused its discretion in refusing to reopen He's asylum application without addressing whether he received ineffective assistance of counsel and is therefore entitled to equitable tolling.[1] Our cases recognize equitable tolling of time and numerical limits on motions to reopen in cases of ineffective assistance of counsel. See, e.g., Iturribarria v. INS, 321 F.3d 889, 897–98 (9th Cir.2003); Rodriguez–Lariz v. INS, 282 F.3d 1218, 1223–26 (9th Cir.2002). To be entitled to equitable tolling, the alien must establish that he suffered from deception, fraud or error and exercised due diligence in discovering such circumstances. See Iturribarria, 321 F.3d at 897.

█ It appears clear from the administrative record that He received ineffective assistance from his first attorney, Portnoy, at his asylum hearing and subsequent administrative appeals in violation of the Due Process Clause of the Fifth Amendment. Moreover, insofar as it appears from the record that the Immigration Judge's adverse credibility findings, the sole basis of the BIA's rejection of He's motion, were deeply affected by Portnoy's allegedly ineffective assistance, the ineffective assistance issue was prejudicial to He's asylum claim. See Id. at 899 ("To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced her."). We hold that He, through his showing of ineffective assistance of counsel, has satisfactorily established that he suffered from deception, fraud or error and may be entitled to equitable tolling.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although the BIA had earlier denied as untimely, a motion to reopen on the basis of ineffective assistance, and He's attorney, inexplicably, failed to appeal that decision, He's ineffective assistance claim was properly before the BIA in the motion here on appeal. While He did not expressly mention the ineffective assistance claim in his briefing in the instant motion, he attached a declaration setting forth in detail the factual basis for the claim, in compliance with In re Lozada, 19 I. & N. Dec. 637, 639 (B.I.A.1988) ("A motion [to reopen] based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts."). See Socop–Gonzalez, 272 F.3d at 1183–84 (holding that where asylum petitioner laid out before BIA the factual basis for a legal claim without putting forth the correct legal argument, he has sufficiently exhausted the issue for appellate jurisdiction under 8 U.S.C. § 1105a(c)).

Nevertheless, although He's ineffective assistance claim appears to have merit, it is not clear on the record before us whether He acted diligently in discovering Portnoy's incompetence and in bringing it before the BIA. In claims of ineffective assistance, the time and numerical limits are tolled until petitioner, in the exercise of reasonable diligence, knew or should have learned of the ineffective assistance. *Id.* at 897–898. In *Iturribarria,* we held that in the exercise of due diligence, the petitioner should have learned of the ineffective assistance when he had the opportunity to review his file with his new counsel. *Id.* at 898–99.

The record does not establish when He first met with his new counsel to review his file. Although it appears that He's current counsel filed a notice of appearance on November 21, 2000, and requested access to He's file and tapes of proceedings on that date, the record does not indicate when counsel was given access to those records, or when he discussed them with He and learned of Portnoy's incompetence. Accordingly, we grant the petition for review and remand to the BIA so it can address the preliminary issue of He's diligence in discovering and pursuing his ineffective assistance claim.[2]

If on remand the BIA finds that He is entitled to equitable tolling of the time and number limits contained in 8 C.F.R. § 1003.2 and that, therefore, He's January 2002 motion to reopen was timely, it should consider, on the merits, his January 2002 motion challenging the IJ's adverse credibility finding in light of He's new DNA evidence. If the BIA reverses the IJ's adverse credibility finding, the only

remaining ground for He's denial of asylum would be China's coercive population control policy. *In re G–C–L–,* 23 I. & N. Dec. 359 (BIA 2002), holds that this is an insufficient ground for a denial of asylum.

The petition for review is GRANTED, and the case is REMANDED.

BYBEE, J., Dissenting.

I cannot join the majority opinion. The majority concludes that He's ineffective assistance claim was properly before the BIA, even though the BIA had already denied a motion to reopen on this ground and He failed to appeal that BIA's ruling. I respectfully disagree.

Our cases recognize equitable tolling in cases of ineffective assistance of counsel. However, He and his current counsel, Wayland, had to have been aware of Portnoy's ineffective assistance because He filed a motion to reopen on this ground in January of 2002. This motion was denied by the BIA on April 29, 2002. He never appealed this ruling, and therefore waived his right to an appeal. I am unaware of any case, besides this one, where this Court has applied the doctrine of equitable tolling *after* a litigant has already raised his claim.

He had an opportunity to assert his ineffective assistance of counsel claim, and he did so. The BIA rejected his argument as untimely. Because He did not appeal the BIA's decision, we lack the jurisdiction to consider the validity of He's claim three years later. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) ("Judicial review

---

**2.** The dissent argues that our holding permits a petitioner to reraise a previously rejected claim which was not appealed in the first instance, ignoring that the claim was rejected only on procedural grounds and was raised in the declaration attached to the instant mo-

tion. Here, we are not faced with a case in which the petitioner failed to appeal the denial on the merits of his ineffective assistance claim, and we do not decide whether such a claim could be reraised in a subsequent timely motion.

provisions ... are jurisdictional in nature...."). The only way He's claim would be preserved would be if He's *current* counsel's failure to appeal the BIA's prior ruling constituted ineffective assistance of counsel—an argument that no one has made. The rationale of the majority opinion seems to allow a petitioner to raise arguments indefinitely, essentially granting petitioner an unlimited window in which to assert his claims. I am unaware of any other area in our jurisprudence where such a perpetual right exists.

I therefore believe that He's failure to appeal the BIA's previous denial of his ineffective assistance of counsel claim precludes us from considering this claim now. I would deny He's petition. I respectfully dissent.